UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN CHRISTOPHER MOORE,<br><br>Defendant. | CASE NO. 2:22-cr-00013-LK<br><br>STANDING ORDER FOR ALL<br>CRIMINAL CASES |

**PROCEDURES FOR ALL CRIMINAL CASES**

This Order sets forth the procedures that govern all criminal cases assigned to this Court. The procedures supplement the Federal Rules of Criminal Procedure and Local Criminal Rules of the United States District Court for the Western District of Washington. Failure to comply with the procedures set forth in this Order may result in sanctions. The terms of this Order shall have the force and effect of orders of the Court from this date forward. If the case was previously assigned to a different District Judge, these procedures replace those that previously controlled, but only as to pleadings and hearings from this date forward.

**CONTENTS**

I.   Motions ................................................................................................................ 2

   A.   General Motions Practice ................................................................................ 2

   B.   Motions to Continue Trial Date ...................................................................... 2

   C.   Motions in Limine .......................................................................................... 2

II.  Criminal Trials ..................................................................................................... 2

   A.   Criminal Jury Impanelment Procedures .......................................................... 2

   B.   Frequently Used Criminal Forms .................................................................... 4

III. Courtroom Decorum ............................................................................................ 4

   A.   Cellular Phones and Wireless Devices ............................................................ 4

   B.   Speaking at the Podium Not Required ............................................................. 4

IV.  Guidance for Pro Se Litigants in Criminal Cases ............................................... 4

## I.      Motions

### A.      General Motions Practice

All motions, including motions to continue the trial date, shall be made prior to the pretrial motions deadline. All pre-trial motions must be noted on the motion calendar for the second Friday after the motion is filed per Local Criminal Rule 12(b)(6).

In multi-defendant cases, prior to filing any motion, counsel are directed to consult with all other counsel, including counsel for all codefendants, to determine whether the motion can either be stipulated to or jointly brought.

### B.      Motions to Continue Trial Date

Prior to filing a motion to continue a trial date, counsel is directed to contact the Court's courtroom deputy, Natalie Wood, by email at natalie_wood@wawd.uscourts.gov to verify that the parties' proposed new trial date is acceptable to the Court.

All motions to continue the trial date shall be accompanied by a waiver of speedy trial at least 30 days beyond the proposed new trial date. While not dispositive on the issue, the Court will not grant a motion to continue a trial date until a speedy trial waiver has been filed.

When seeking a continuance by stipulation, counsel must:

a.  state facts establishing good cause for the continuance. A request for continuance "in order to provide the parties more time to prepare" is not a sufficient showing to warrant a trial continuance "in the interest of justice";

b.  file speedy trial waivers signed by the defendant(s) with the stipulation to continue the trial. Although not dispositive on the subject, these waivers are useful to the Court in establishing that defendants have been consulted and are in agreement with the requested continuance; and

c.  have defendant(s) waive speedy trial to at least two weeks beyond the requested trial date.

### C.      Motions in Limine

All motions in limine must be filed by the deadline set for pretrial motions.

***Motions in limine contained in a trial brief that could have been brought by the pretrial motions deadline will be stricken***.

## II.      Criminal Trials

### A.      Criminal Jury Impanelment Procedures

This summary is provided to acquaint counsel with the procedure for impaneling a criminal jury in Judge King's court.

Before a jury panel is brought into the courtroom, counsel will be given copies of the juror information forms. These forms contain basic information about each prospective juror. Counsel will also receive a list of jurors in the order that they will be seated. The list, and therefore the order in which the jurors are seated, has been randomized by computer. The jurors will have been assigned a juror number and been seated according to that number.

The initial voir dire examination is done by the Court, using the Court's general voir dire questions, which the Court will provide to the parties prior to trial. The Court will briefly describe the case to the panel, will ask counsel to introduce themselves and defendant(s), and will ask counsel to read the lists of witnesses to be called.

The Court will use questions to screen for hardship and familiarity with the case and witnesses. Questions proposed by counsel in advance of trial may also be used. The questions are asked of the entire panel, and any juror whose answer would be "yes" or "probably yes" is asked to raise their juror number. The Court and lawyers may make note of that juror's number for possible follow-up questions.

When the court has finished asking questions of the entire panel, an effort is made to provide an opportunity for voir dire by the lawyers. Counsel for each side may ask questions of the whole panel, of individual jurors, or both. Each side (not party) is limited to time limits set forth by the court in advance. Counsel are permitted to ask for additional time if they believe they need it.

The jury will consist of twelve members and one or two alternates. The jurors will be the panelists with the lowest numbers remaining after all challenges have been exercised. Prior to picking the jury, the court will inquire whether the parties want to select the alternates. If not, the alternates will be selected by random drawing at the end of the case, just prior to the commencement of deliberations.

After counsel's voir dire is completed, the parties may challenge for cause. Absent extraordinary circumstances, this is done at sidebar or during a recess. The Court will not indicate to the panel who made a challenge for cause. For example, the court may simply say "Juror No. 3 is excused," or "There are no challenges for cause that will be sustained."

The next step is peremptory challenges. The government will normally have six challenges, and the defense will have ten. A form is provided which counsel, starting with the government, pass back and forth and on which they write down their peremptory challenges. This assures that neither side will waste a challenge on a juror already excused by the other side. When each side has completed its challenges (or waived any further challenges), the form is signed and given to the clerk. The deputy clerk then reads the names and numbers of the jurors who will remain and places them in the jury box. The jury is sworn and impaneled and the panelists who will not be serving are thanked and excused.

This method of impanelment usually produces a jury rapidly and fairly. Counsel are, of course, free to request modifications of this procedure.

3

### B.     Frequently Used Criminal Forms

The example forms below can be found on http://www.wawd.uscourts.gov/judges/king-procedures:

- Pretrial Conference Checklist (Criminal Jury Trial)
- Peremptory Challenge Form

## III.    Courtroom Decorum

### A.     Cellular Phones and Wireless Devices

All cellular telephones and wireless devices must be turned off or turned to airplane mode during all proceedings. Simply silencing these devices is insufficient, as they interfere with the courtroom audio system. Individuals whose devices interrupt proceedings shall be sanctioned.

### B.     Speaking at the Podium Not Required

Counsel and pro se litigants are required to stand when addressing the Court, a witness, or the jury unless the need for a disability related accommodation is obvious or requested and granted. *See* https://www.wawd.uscourts.gov/visitors/access for information regarding accommodations. However, counsel and pro se litigants are not restricted to speaking at the podium unless the judge, court reporter, witness, counsel, or a juror indicates that they are unable to hear.

## IV.    Guidance for Pro Se Litigants in Criminal Cases

The following links may be helpful to those representing themselves in criminal matters:

- Local Criminal Rules for the Western District of Washington can be found at https://www.wawd.uscourts.gov/local-rules-and-orders

- Federal Rules of Criminal Procedure can be found at: https://www.uscourts.gov/sites/default/files/federal_rules_of_criminal_procedure_-_december_2020_0.pdf

- To inquire into a lawyer referral, pro se parties can contact either the Washington State Bar Association at www.wsba.org or the King County Bar Association at www.kcba.org

Dated this 11th day of February, 2022.

Lauren King
United States District Judge