FILED ___ ENTERED
LODGED ___ RECEIVED

SEP 22 2022

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR22-013 LK |
|---|---|
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| JUSTIN CHRISTOPHER MOORE, | |
| Defendant. | |

The United States, through United States Attorney Nicholas W. Brown and Assistant United States Attorney Todd Greenberg of the Western District of Washington and JUSTIN CHRISTOPHER MOORE and his attorney Vanessa Pai-Thompson enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A):

**1.   The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in Count 1 of the Indictment: *Unlawful Possession of a Destructive Device*, in violation of Title 26, United States Code, Sections 5861(d) and 5845(a)(8).

Plea Agreement - 1
United States v. Moore, CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense**. The elements of *Unlawful Possession of a Destructive Device*, in violation of Title 26, United States Code, Sections 5861(d) and 5845(a)(8), are as follows:

> <u>First</u>, Defendant knowingly possessed a destructive device, as that term is defined in Title 26, United States Code, Section 5845(a)(8), that is, an explosive or incendiary device; and
>
> <u>Second</u>, Defendant did not register the device in the National Firearms Registration and Transfer Record.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense of *Unlawful Possession of a Destructive Device*, in violation of Title 26, United States Code, Sections 5861(d) and 5845(a)(8), are as follows: A maximum term of imprisonment of up to ten (10) years, a fine of up to $10,000.00, a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of $100.00 dollars. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Plea Agreement - 2
*United States v. Moore*, CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

**4.     Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a.   The right to plead not guilty and to persist in a plea of not guilty;

    b.   The right to a speedy and public trial before a jury of Defendant's peers;

    c.   The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d.   The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e.   The right to confront and cross-examine witnesses against Defendant at trial;

    f.   The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g.   The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h.   The right to appeal a finding of guilt or any pretrial rulings.

Plea Agreement - 3
*United States v. Moore*, CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

Plea Agreement - 4
*United States v. Moore*, CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offense.

The Seattle Police Officers Guild (SPOG) is the largest police labor union in the Pacific Northwest, representing all the officers and sergeants serving on the Seattle Police Department (SPD). The SPOG headquarters is located on Fourth Avenue South, in Seattle. During the Summer of 2020, the SPD and the SPOG were focal points of regular demonstrations and, on multiple occasions, were targeted in acts of violence and property destruction.

On September 7, 2020, a crowd of more than 1,000 protestors participated in a demonstration at the SPOG. The demonstration was broadcast live online via several individuals who regularly streamed protest activities. The events also were observed by numerous responding SPD officers and undercover law enforcement personnel who were part of the crowd.

The crowd marched south on Fourth Avenue and eventually stopped in front of the SPOG building. Due to a variety of factors, including that there were reports of gasoline smells in the immediate area, SPD officers moved in to disperse the crowd. Numerous members of the crowd then marched north and east and ended up in Judkins Park.

Shortly after the crowd dispersed from the SPOG, an SPD officer located a 12-pack Corona box on the ground in the parking lot of the Orient Express, a property immediately adjacent to the SPOG. The Corona box contained 12 Molotov cocktail devices, made of glass beer bottles filled with gasoline with bandanas installed as wicks.

Investigators subsequently reviewed surveillance and live-stream video footage and determined that a particular individual was carrying the Corona box in the vicinity of the SPOG building. Through further investigation, law enforcement officers identified this person as defendant Justin Christopher Moore.

Moore attended the Labor Day demonstration along with other people who referred to Moore with the moniker of "Potato." During the march, Moore walked towards the back of the crowd carrying the box of Molotov cocktails. He was wearing a dark blue hooded zip-up jacket with white drawstrings; a black colored button-down shirt with two breast pockets; tan leather work gloves; black pants; a blue surgical mask; and distinctive black running shoes with dark soles and black elastic laces. Moore abandoned the box when police officers moved in to disperse the crowd.

Plea Agreement - 5
United States v. Moore, CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Moore then walked to Judkins Park and removed the outer clothes he was wearing to conceal his identity as the person who had been carrying the Molotov cocktails. At that point, Moore was wearing a red t-shirt with white lettering across the chest and khaki shorts.

On June 28-29, 2021, SPD officers executed search warrants on Moore's residence in Renton and a Hyundai Elantra vehicle that Moore drove. In the vehicle, officers recovered a smartphone; paperwork in Moore's name; and the black pants that Moore wore on Labor Day 2020. Officers also recovered from the vehicle a spiral notebook containing numerous pages of writings. Some pages of the notebook contained a list of ingredients that are related to the manufacture of explosives, including, "ping pong balls, matchbooks, Rocket candy, black powder, scale, potassium nitrate, magnesium, masking tape." The notebook also contained recipes for manufacturing explosives, including: "Smoke mix, 60/40, 60 rocket candy, 40 black powder, flash mix 70/30, potassium nitrate, magnesium."

The above-referenced Molotov cocktails have been certified by forensic examiners as "destructive devices" under federal law. Moore does not have any items registered to him under the National Firearms Registration and Transfer Record.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

8.      **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

A base offense level of 18, pursuant to USSG § 2K2.1(a)(5), because the offense involved a "firearm" described in 26 U.S.C. § 5845(a), that is, a destructive device;

A four-level upward adjustment, pursuant to USSG § 2K2.1(b)(1)(B), based on the number of destructive devices involved in the offense; and

A two-level upward adjustment, pursuant to USSG § 2K2.1(b)(3)(B), because the offense involved a destructive device.

Plea Agreement - 6
*United States v. Moore*, CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The government agrees not to pursue a four-level upward adjustment, pursuant to USSG 2K2.1(b)(6)(B), for possession of the devices in connection with another felony offense.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

**9. Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

**10. Sentencing Recommendation**. The government agrees to recommend a sentence within the Sentencing Guidelines range as calculated by the Court at the time of sentencing. Defendant is free to recommend any sentence. Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

**11. Abandonment of Firearms and Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any other firearms, firearm accessories, ammunition, or illegal contraband that was in Defendant's direct or indirect control,

Plea Agreement - 7
*United States v. Moore,* CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant abandons any and all interest in those items and consents to the federal administrative disposition, official use, and/or destruction of those items.

12. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

13. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited

Plea Agreement - 8
*United States v. Moore*, CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range.  Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

**14.   Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction.  Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a.   Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b.   Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

Plea Agreement - 9
*United States v. Moore*, CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

**15.   Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

**16.   Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//
//
//
//
//
//
//
//
//
//

Plea Agreement - 10
United States v. Moore, CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

17. **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 22nd day of September 2022.

_____
JUSTIN CHRISTOPHER MOORE
Defendant

_____
VANESSA PAI-THOMPSON
Attorneys for Defendant

_____
TODD GREENBERG
Assistant United States Attorney

Plea Agreement - 11
United States v. Moore, CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970