UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN CHRISTOPHER MOORE,<br><br>Defendant. | NO. CR22-013 LK<br><br>UNITED STATES' SENTENCING MEMORANDUM |

### I.    Introduction.

During the summer of 2020, there were several large protest gatherings in downtown Seattle stemming from the community's response to the murder of George Floyd. Thousands of people attended these gatherings in protest of police brutality and to voice their support for important causes involving equal justice. Nearly all the protestors acted responsibly and lawfully.

Unfortunately, a small number of people – including Justin Moore and his associates – took advantage of the surrounding events to commit and attempt to commit acts of violence and property destruction. The actions of these bad actors changed the environment surrounding the protests – too often creating an atmosphere of civil disorder that resulted in injuries to protestors, police officers, property destruction, and arrests.

GOVERNMENT'S SENTENCING MEMORANDUM - 1
*United States v. Moore,* CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

That is what happened on Labor Day 2020, during a scheduled protest march and demonstration at the Seattle Police Officer Guild ("SPOG") building in downtown Seattle. A crowd of more than 1,000 people participated in this demonstration, marching down Fourth Avenue to the SPOG building. A few of Moore's associates plotted to use the protest as cover for an arson attack on the SPOG using Molotov cocktails. Law enforcement officers later discovered online communications amongst the associates planning the attack, although Moore was not a direct party to the conversations.[1]

Moore met up with these associates at the march. He walked at the back of the crowd carrying a Corona beer box containing twelve Molotov cocktail explosive devices. After receiving reports of gasoline smells in the area, SPD officers moved to disperse the crowd at the SPOG building. At that time, Moore abandoned the box in an adjacent parking lot. Fortunately, an SPD officer discovered the box before it fell into the wrong hands.

## II. The Sentencing Guidelines Calculations.

The U.S. Probation Office calculated the Sentencing Guidelines as follows:

- Base offense level of 18 (PSR ¶ 25)
- 4-level increase based on the number of Molotov cocktails (PSR ¶ 26)
- 2-level increase for involvement of destructive devices (PSR ¶ 27)
- 4-level increase for connection to another felony offense (PSR ¶ 28)
- 3-level decrease for Acceptance of Responsibility (PSR ¶ 34)

The Probation Office calculates Moore's criminal history category at II, resulting in an advisory Guidelines range of 63-78 months. PSR ¶ 74.

The government concurs with all these calculations, except for the 4-level increase for possession of the Molotov cocktails in connection to another felony offense. The government agreed not to pursue this enhancement (Plea Agreement at 7, lines 1-3) because the evidence of Moore's connection to the conspiracy to attack the SPOG

---

[1] These communications are summarized in the Presentence Report (¶ 10-15) and in the Complaint (Dkt. 1 at 3-11).

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*United States v. Moore,* CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

building was lesser than the other participants – he did not participate directly in any of the known electronic communications planning the conspiracy but instead joined the group at the tail end of the plan. With that in mind and considering Moore's agreement to enter a guilty plea early in these proceedings, the government agreed to forego the 4-level enhancement.

Therefore, pursuant to the Plea Agreement, the government calculates the Sentencing Guidelines as a total offense level of 21, a criminal history category of II, resulting in an advisory Guidelines range of 41-51 months.

### III. Sentencing Recommendation.

For the reasons set forth herein, the government recommends that the Court sentence the defendant to a term of imprisonment of **41 months** and a term of supervised release of three years, with all the conditions of supervised release recommended by the Probation Office. The various statutory sentencing factors support a custodial sentence of 41 months in this case, including, most prominently, the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the history and characteristics of the defendant; the need for the sentence to afford adequate deterrence to criminal conduct; and the need to avoid unwarranted sentencing disparity.

### A. The Nature and Circumstances of the Offense and Need for the Sentence to Reflect the Seriousness of the Offense and to Provide Just Punishment.

In evaluating Moore's offense conduct, the Court should focus on several aggravating factors that support a 41-month sentence.

First, Moore's offense was extremely dangerous and created a substantial risk of injury to numerous bystanders. As depicted in the photographs below, Moore carried the box of twelve Molotov cocktails in a crowd of over 1,000 people who were participating in the protest march. All of them were in harm's way if one of the devices had exploded.

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*United States v. Moore,* CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970






Second, after police officers dispersed the crowd, Moore abandoned the box of explosives on the street – leaving them to potentially be found by others who would seek to detonate them. This added to the dangerousness of Moore's offense conduct.

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*United States v. Moore,* CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Third, besides the potential physical danger caused by Moore's actions, his crimes were dangerous because they had the potential to trigger the type of "tense, hostile atmosphere that is often a recipe for violent clashes between police and protesters." *United States v. Channon*, CR20-129 JCC, Order (Dkt. 37) at 6-7 (citing Edward R. Maguire, *New Directions in Protest Policing*, 35 St. Louis U. Pub. L. Rev. 67, 91-96 (2015)).

Lastly, the evidence recovered at Moore's residence revealed his broader involvement with explosive devices and emphasized that he was a dangerous and volatile actor. Specifically, law enforcement agents recovered Moore's spiral notebook with numerous pages of writings containing lists of ingredients that are related to the manufacture of explosives, including, "ping pong balls, matchbooks, Rocket candy, black powder, scale, potassium nitrate, magnesium, masking tape." Plea Agreement at 6. The notebook also contained recipes for manufacturing explosives, including: "Smoke mix, 60/40, 60 rocket candy, 40 black powder, flash mix 70/30, potassium nitrate, magnesium." Plea Agreement at 6. Moore also characterized himself in the notebook as, among other things, "borne [sic] to kill . . . that is what I am. I am a killer. I have killed." PSR ¶ 18.

**B. Moore's History and Characteristics.**

Moore's history and characteristics contain both mitigating and aggravating aspects. Moore has a limited criminal history, although it is notable that his 2021 conviction for Malicious Mischief in the Second Degree involved a protest-related incident where Moore damaged property at a Starbucks store. PSR ¶ 40. This, in conjunction with Moore's explosives related writings, indicate that his "involvement in this [offense] does not appear to be an isolated incident." PSR Sentencing Recommendation at 3.

Moore's personal background contains significant mitigating information: He had a challenging upbringing involving physical and emotional abuse; he suffered a brutal attack during his time in the Army; he struggles with resultant mental health and

GOVERNMENT'S SENTENCING MEMORANDUM - 5
*United States v. Moore,* CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

substance abuse issues; and he is dealing with medical issues that required recent surgery. It is appropriate for the Court to take these mitigating factors into account. Moreover, Moore's successful performance while on pre-trial supervision is encouraging and is a factor in his favor at sentencing.

The government's recommendation for a 41-month sentence accounts for this mitigating evidence in two regards. First, our recommendation is at the low end of the advisory Sentencing Guidelines range as calculated pursuant to the plea agreement. Second, that range is already deflated by not including the 4-level increase for possessing the destructive devices in connection to another felony offense.

### C. Avoiding Unwarranted Sentencing Disparity.

Moore's case is one of several matters charged by the U.S. Attorney's Office involving the targeting of Seattle Police Department property during incidents of civil disorder in the summer of 2020. Although each case and defendant present unique circumstances, the government is mindful of the need to avoid an unwarranted sentencing disparity in this case. The sentences imposed in the other cases were:

- Desmond David-Pitts was sentenced to 20 months of imprisonment for setting a fire inside the SPD East Precinct sallyport during a civil disorder surrounding the precinct. *United States v. David-Pitts*, CR20-143 JCC.

- Isaiah Willoughby was sentenced to 24 months of imprisonment for setting a fire at the SPD East Precinct during the CHOP/CHAZ protest period. *United States v. Willoughby*, CR20-111 JCC.

- Kelly Jackson was sentenced to 40 months of imprisonment for throwing two Molotov cocktails at SPD vehicles during the protest on May 30, 2020. *United States v. Jackson*, CR20-148 JLR.

- Tyre Means was sentenced to 60 months of imprisonment for committing an arson against one SPD vehicle and stealing a firearm out of another SPD vehicle during the protest on May 30, 2020. *United States v. Means*, CR20-182 RAJ.

GOVERNMENT'S SENTENCING MEMORANDUM - 6
*United States v. Moore,* CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- Margaret Channon was sentenced to 60 months of imprisonment for committing arsons against five SPD vehicles during the protest on May 30, 2020. *United States v. Channon*, CR20-129 JCC.

Considering the sentences imposed in this series of cases, a 41-month sentence in this case is appropriate and does not create an unwarranted sentencing disparity.

### D. The Need to Afford Adequate Deterrence to Criminal Conduct.

This case presents the Court with an opportunity to send an important message of general deterrence. The Labor Day 2020 march was one of many legitimate protests that were undermined by criminal actors like Moore. Regrettably, we saw similar scenes play out in Seattle and throughout the United States during the summer of 2020 and beyond. Indeed, as noted above, Moore's case is one of several brought in our district involving dangerous criminal activities occurring in the context of peaceful protests turned into civil disorders as the result of dangerous acts undertaken by a few criminal actors.

The conduct of Moore and his associates detracted from the important messages the protestors intended to send. What should have been inspiring events involving masses of peaceful protestors exercising their civil rights were instead often derailed into dangerous civil disorders. As a result, the indelible images of the Seattle protests ended up being Molotov cocktails, police arrests, burning police cars and smoke billowing throughout downtown Seattle.

The Court should take this opportunity to send a powerful deterrent message. The right to peacefully protest and gather in support of social and political causes is one of the dearest and most important rights we enjoy in the United States. Protecting the ability of our citizens to express their views in this way is of paramount importance. Offenders like Moore and his associates took advantage of, and abused, the cover of lawful protests to attempt to carry out dangerous and destructive criminal acts, thereby risking the safety of the peaceful protestors and undercutting their important messages and causes. A term of 41 months in federal prison would afford adequate deterrence.

GOVERNMENT'S SENTENCING MEMORANDUM - 7
*United States v. Moore,* CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### IV. Conclusion.

For all the reasons set forth above, the government recommends that the Court sentence Moore to a term of imprisonment of 41 months and a term of supervised release of three years, with all the conditions of supervised release recommended by the Probation Office.

DATED this 23rd day of August, 2023.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

 /s Todd Greenberg
TODD GREENBERG
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-3903
Facsimile: 206-553-4440
Phone: 206-553-2636
E-mail: Todd.Greenberg4@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 8
United States v. Moore, CR22-013 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970