UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JUSTIN CHRISTOPHER MOORE,<br><br>    Defendant. | CASE NO. 2:22-CR-00013-LK<br><br>ORDER GRANTING MOTIONS TO EXTEND SELF-SURRENDER DATE AND TO SEAL |

This matter comes before the Court on two related motions filed by Defendant Justin Christopher Moore. First, Mr. Moore seeks to extend his self-surrender date from December 12, 2023 to March 15, 2024. Dkt. No. 67 at 1. Second, he seeks to seal medical records supporting that request. Dkt. No. 66. For the reasons set forth below, the Court grants both motions.

**A.    The Motion to Extend the Self-Surrender Date Is Granted**

The Court accepted Mr. Moore's plea of guilty to the charge of Unlawful Possession of Destructive Devices contained in Count 1 of the Indictment, Dkt. No. 19 at 1, Dkt. No. 36 at 1, and sentenced him to 40 months of imprisonment, Dkt. No. 64 at 2. As relevant here, the Court recommended placement at an FMC BOP facility with a self-surrender date no sooner than 90

1 days after entry of the September 13, 2023 Judgment. *Id.* at 1–2. Mr. Moore's current self-surrender date is December 12, 2023. Dkt. No. 67 at 1. He moves to extend that date to March 15, 2024 to allow him time to receive "an operation to alleviate chronic pain and swelling." *Id.* "The VA expects to schedule surgery within the next one-to-two months, . . . anticipates an approximate four-week recovery period," and the "three-month delay in Mr. Moore's surrender will allow him to have surgery and complete recovery before beginning his prison sentence." *Id.* The Government does not oppose the motion. *Id.*

For the same reasons the Court previously allowed Mr. Moore to self-surrender, and to allow him to obtain surgery and recover, the Court GRANTS the motion, Dkt. No. 67, and extends his self-surrender date to March 15, 2024. The Pretrial Services and Probation Office is directed to issue a new reporting date of March 15, 2024.

**B.     The Motion to Seal Is Granted**

Mr. Moore moves to seal exhibit 1 to his motion to extend his self-surrender date; that exhibit includes a letter from his physician and two pages of medical records. Dkt. No. 66 at 1; *see* Dkt. No. 68 at 2–4 (sealed medical records). The Government has not filed an opposition to the motion.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). District courts therefore "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The standard for determining whether to seal a record depends on the filing to which the sealed record is attached and whether those records are "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1101 (9th Cir. 2016). If the

1   records at issue are more than tangentially related to the merits of the case, the Court must apply
2   the "compelling reasons" standard to the motion to seal. *See id.* at 1102. If the records are only
3   tangentially related to the merits, the party seeking to seal the records need only show "good cause"
4   to seal those records. *See id.* at 1097. Courts apply the same standards in criminal cases. *See, e.g.,*
5   *United States v. Pardo*, No. 2:22-cr-00151-LK, 2022 WL 16553286, at *6 (Oct. 31, 2022).

6        The exhibit that Mr. Moore seeks to seal relates to his request for an extension and is only
7   tangentially related to the merits of the case, so the Court applies the good cause standard. *Ctr. for*
8   *Auto Safety*, 809 F.3d at 1097. In addition, the exhibit contains his sensitive medical information.
9   Dkt. No. 68 at 2–4. Protecting Mr. Moore's medical privacy outweighs any public interest in
10  disclosure, and the Court finds good cause to maintain the exhibit under seal. *See, e.g., Cont'l Med.*
11  *Transp. LLC v. Health Care Serv. Corp.*, No. C20-0115-JCC, 2021 WL 2072524, at *4 (W.D.
12  Wash. May 24, 2021) (sealing medical records). Therefore, the Court GRANTS the motion to seal,
13  Dkt. No. 66, and the exhibit, Dkt. No. 68, may remain under seal.

15        Dated this 5th day of December, 2023.

*[signature]*

Lauren King
United States District Judge