UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JUSTIN CHRISTOPHER MOORE,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:22-CR-00013-LK<br><br>ORDER GRANTING MOTIONS TO EXTEND SELF-SURRENDER DATE AND TO SEAL |

　　　This matter comes before the Court on two related motions filed by Defendant Justin Christopher Moore. First, Mr. Moore seeks to extend his self-surrender date from March 15 to April 19, 2024. Dkt. No. 71 at 1; *see* Dkt. No. 69 at 2 (setting the March 15, 2024 self-surrender date). Second, he seeks to seal medical records supporting that request. Dkt. No. 70. For the reasons set forth below, the Court grants both motions.

**A.　　The Motion to Extend the Self-Surrender Date Is Granted**

　　　The Court accepted Mr. Moore's plea of guilty to the charge of Unlawful Possession of Destructive Devices contained in Count 1 of the Indictment, Dkt. No. 19 at 1, Dkt. No. 36 at 1, and sentenced him to 40 months of imprisonment, Dkt. No. 64 at 2. As relevant here, the Court

recommended placement at an FMC BOP facility with a self-surrender date no sooner than 90 days after entry of the September 13, 2023 Judgment. *Id.* at 1–2. Mr. Moore's self-surrender date was December 12, 2023. Dkt. No. 67 at 1. He moved to extend that date to March 15, 2024 to allow him time to receive an operation and recover, *id.*, and the Court granted that motion, Dkt. No. 69 at 1–2.

Now, Mr. Moore seeks a further extension of his self-surrender date because the Department of Veterans Affairs scheduled his operation for March 13, 2024, a date later than anticipated. Dkt. No. 71 at 1; Dkt. No. 72 at 2. He will require approximately four weeks to recover from the surgery. Dkt. No. 71 at 2. The Government does not oppose the motion. *Id.* at 1.

For the same reasons the Court previously allowed Mr. Moore to self-surrender, and to allow him to obtain surgery and recover, the Court GRANTS the motion, Dkt. No. 71, and extends his self-surrender date to April 19, 2024. The Pretrial Services and Probation Office is directed to issue a new reporting date of April 19, 2024.

**B.     The Motion to Seal Is Granted**

Mr. Moore moves to seal Exhibit 1 to his motion to extend his self-surrender date. Dkt. No. 70 at 1. Exhibit 1 is a letter from a physician describing the nature of the planned surgery. Dkt. No. 72 at 2. The Government has not filed an opposition to the motion.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). District courts therefore "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Despite the public's right to access documents in criminal proceedings, a document may remain under seal when (1) sealing a document serves a compelling interest (2) that is substantially

likely to be harmed if the document is not sealed and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Parson*, No. 3:15-cr-05262-DGE, 2022 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)).

The exhibit that Mr. Moore seeks to seal contains his sensitive medical information. Dkt. No. 72 at 2. Protecting Mr. Moore's medical privacy serves a compelling interest that would be harmed by public disclosure. *See, e.g., Cont'l Med. Transp. LLC v. Health Care Serv. Corp.*, No. C20-0115-JCC, 2021 WL 2072524, at *4 (W.D. Wash. May 24, 2021) (sealing medical records); *Parson*, 2022 WL 558221, at *3 (finding compelling reasons to seal medical records to protect the defendant's privacy). There is no less restrictive means of protecting Mr. Moore's privacy. Therefore, the Court GRANTS the motion to seal, Dkt. No. 70, and the exhibit, Dkt. No. 72, may remain under seal.

Dated this 1st day of March, 2024.

Lauren King
United States District Judge